# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREEN ANDERSON,<br><br>                  Plaintiff,<br><br>     v.<br><br>B.O.P., et al.,<br><br>                  Defendants. | Case No. EDCV 21-2673-JLS (JEM)<br><br>MEMORANDUM AND ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |

On December 23, 2020, Kareen Anderson ("Plaintiff"), federal prisoner proceeding pro se, filed a Complaint alleging violations of his civil rights pursuant to Bivens v. Six Unknown Agents, 403 U.S. 388 (1970) ("Bivens"). On July 29, 2021, the District Court issued an order denying Plaintiff's application for a temporary restraining order and discharging an order to show cause it had issued regarding lack of subject matter jurisdiction. Plaintiff has now submitted the necessary paperwork and the initial partial filing fee, and the Court has granted him permission to proceed in forma pauperis. The Complaint is now ready for screening.

## SCREENING STANDARDS

In accordance with the provisions of the Prison Litigation Reform Act of 1995, the Court must screen the Complaint to determine whether the action: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary

relief against a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b); 42 U.S.C. § 1997e(c)(1).  This screening is governed by the following standards:

A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) the plaintiff fails to state a cognizable legal theory; or (2) the plaintiff has alleged insufficient facts under a cognizable legal theory.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).  In determining whether a complaint states a claim on which relief may be granted, allegations of material fact are taken as true and construed in the light most favorable to the plaintiff.  Love v. United States, 915 F.2d 1242 Plaintiff has now submitted the necessary paperwork and the initial partial filing fee, and the Court has granted him permission to proceed in forma pauperis.   1245 (9th Cir. 1988).  However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations."  Neitzke v. Williams, 490 U.S. 319, 330 n.9 (1989).  "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled."  Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Although a complaint "does not need detailed factual allegations" to survive dismissal, a plaintiff must provide "more than mere labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (rejecting the traditional "no set of facts" standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)).  The complaint must contain factual allegations sufficient to rise above the "speculative level," Twombly, 550 U.S. at 555, or the merely possible or conceivable.  Id. at 557, 570.

Simply put, the complaint must contain "enough facts to state a claim to relief that is plausible on its face."  Twombly, 550 U.S. at 570.  A claim has facial plausibility when the complaint presents enough facts "to draw the reasonable inference that the defendant is liable."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  This standard is not a probability requirement, but "it asks for more than a sheer possibility that a defendant has acted unlawfully."  Id.  A complaint that pleads facts that are merely consistent with liability stops short of the line between possibility and plausibility.  Id.

In a pro se civil rights case, the complaint must be construed liberally to afford plaintiff the benefit of any doubt. Karim-Panahi v. Los Angeles Police Dept, 839 F.2d 621, 623 (9th Cir. 1988). Unless it is clear that the deficiencies in a complaint cannot be cured, pro se litigants are generally entitled to a notice of a complaint's deficiencies and an opportunity to amend prior to the dismissal of an action. Id. at 623. Only if it is absolutely clear that the deficiencies cannot be cured by amendment should the complaint be dismissed without leave to amend. Id.; Weilburg v. Shapiro, 488 F.3d 1202, 1205 (9th Cir. 2007).

After careful review and consideration of the Complaint under the relevant standards and for the reasons discussed below, the Court finds that the Complaint must be **DISMISSED WITH LEAVE TO AMEND.**

## ALLEGATIONS OF THE COMPLAINT

At all relevant times, Plaintiff was an inmate at the Federal Correctional Complex in Victorville, California ("FCC Victorville"). (Complaint at 2.)[1] He names the Bureau of Prisons ("BOP"), Warden Pliers, Food Service Supervisors Bently and Ruda, and Chaplain Chasse as Defendants.

Plaintiff alleges the following:

**Claim One**: Defendant Chasse, who knows Plaintiff is Jewish, violated plaintiff's First Amendment rights by refusing to provide Plaintiff with a kosher diet, matzah, or tefillin for prayers. (Id. at 2.)

**Claim Two**: Food Service Supervisors Bently and Ruda violated Plaintiff's Eighth Amendment rights by continuously denying Plaintiff a non-meat, non-dairy kosher diet. Plaintiff submitted proof that he was approved for religious diet participation and that he suffered from physical problems from meat and dairy products. (Id. at 3.) Prison medical personnel attempted to get Bently and Ruda to provide Plaintiff with a non-meat, non-dairy

---

[1] The Court refers to the pages of the Complaint as numbered by the CM/ECF system.

diet, but they refused. This caused Plaintiff to suffer various maladies, including stomach pains, headaches, constipation, groin pain, acid reflux, gastritis, and so forth. (Id. at 3.)

**Claim Three**: Defendants Bently and Ruda violated the Health Insurance Portability and Accountability Act ("HIPAA") by requiring prison medical personnel to provide them with Plaintiff's medical records and conduct additional medical procedures before providing a non-meat, non-dairy diet. (Id. at 3-4.)

**Claim Four**: The BOP has established a "no trace complaint system" for "holdover inmates," which violates Plaintiff's due process rights. (Id. at 4-5.) Pursuant to this policy, holdover inmates such as Plaintiff are not given BP8-12 forms on which to file inmate complaints. Rather, they are given "cop out" forms, which "do not come with copy papers attached." Thus, "there's no way to prove that an inmate exhausted all remedies if they are done away with by staff members." Plaintiff has personally been denied BP8-12 forms, has been forced to use cop out forms, and has had many complaints disappear "with no trace or proof that they existed." (Id. at 5.)

**Claim Five**: Warden Pliers does not allow holdover inmates such as Plaintiff to participate in prison programs, access the law library, fully access medical and mental health services, or readily receive faith based services. (Id. at 6.)

**Claim Six**: The conditions of confinement at FCC Victorville, specifically with respect to COVID-19 exposure, pose a significant risk to Plaintiff's health and safety. (Id. at 7-11.)

Plaintiff seeks injunctive relief and damages. (Id. at 11.)

## DISCUSSION

I. **The Complaint Violates Fed. R. Civ. P. 18(a) and 20(a)(2)**

The Federal Rules of Civil Procedure allow a party to assert "as many claims as it has against an opposing party," Fed. R. Civ. P. 18(a), but does not provide for unrelated claims against different defendants to be raised in the same action, Fed. R. Civ. P. 20(a)(2). Fed. R. Civ. P. 20(a)(2) permits a plaintiff to sue multiple defendants in the same action only if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or serious of transactions or

occurrences," and there is a "question of law or fact common to all defendants."  "Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2.  Unrelated claims against different defendants belong in different suits."  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

      Here, Plaintiff asserts unrelated claims against different defendants or groups of defendants: (1) claims against Defendant Chasse for failure to provide him with various items necessary to practice his religion; (2) claims against Defendants Bently and Ruda for failure to provide him with a non-meat, non-dairy diet and violation of his HIPAA rights for attempting to gain additional medical information to support his request for a non-meat, non-dairy diet; (3) claims against unnamed BOP officials for applying different standards to complaints filed by holdover inmates; (4) claims against Warden Pliers for preventing holdover inmates from fully participating in and accessing various prison programs and resources; and (5) claims against Warden Pliers regarding the conditions of confinement at FCC Victorville that pose a risk to Plaintiff's health and safety with respect to exposure to COVID-19.

      Therefore, to the extent Plaintiff continues to assert unrelated claims against different defendants, they cannot be contained in the same action.  If Plaintiff files an amended complaint, he must choose which defendant or group of defendants he wishes to pursue claims against in this action.  If Plaintiff files an amended complaint and continues to raise unrelated claims against different defendants, the Court will recommend dismissal of the unrelated claims.

## II.    Plaintiff's Claims for Injunctive Relief are Moot

      Plaintiff seeks various forms of prospective injunctive relief regarding the policies and procedures at FCC Victorville.  Plaintiff is no longer incarcerated at FCC Victorville.  Thus, his requests for injunctive relief are moot.  See Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991).  If Plaintiff chooses to file an amended complaint, he should refrain from including claims for injunctive relief based on policies and procedures at FCC Victorville.

### III. The Complaint Fails to State an Equal Protection Claim

In Claims Four and Five, Plaintiff alleges that Warden Pliers and unnamed BOP officials violated his right to equal protection by subjecting him and other holdover inmates to different policies and procedures than those applied to regular inmates. (Complaint at 4-7.)

The Fourteenth Amendment's Equal Protection Clause is essentially a direction that all persons similarly situated should be treated alike. City of Cleburne, Tex. v. Cleburne Living Center, 473 U.S. 432, 439 (1985). A plaintiff can establish an equal protection claim either by showing that he was intentionally discriminated against based on his membership in a protected class, see Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001), or by showing that similarly situated individuals were intentionally treated differently without a rational basis for the difference in treatment, see Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); Engquist v. Oregon Dep't of Agriculture, 553 U.S. 591, 601-02 (2008).

Plaintiff has not alleged facts demonstrating that he is a member of a protected class, as holdover inmates do not qualify as a protected class for equal protection purposes. See City of Cleburne, 473 U.S. at 445-46; see also Heller v. Doe by Doe, 509 U.S. 312, 321 (1993). Plaintiff has not alleged facts demonstrating that holdover inmates and regular inmates are similarly situated individuals. He also has not alleged facts demonstrating that holdover inmates and regular inmates were intentionally treated differently without a rational basis for the difference in treatment. Thus, Plaintiff has failed to allege any facts that would support an equal protection claim.

*************

For the reasons set forth herein, the Complaint is **DISMISSED WITH LEAVE TO AMEND**.

If Plaintiff desires to pursue this action, he is **ORDERED** to file a First Amended Complaint within **thirty (30) days** of the date of this Order, which remedies the deficiencies discussed above.

If Plaintiff chooses to file a First Amended Complaint, it should: (1) bear the docket number assigned in this case; (2) be labeled "First Amended Complaint"; (3) be filled out exactly in accordance with the directions on the form; and (4) be complete in and of itself without reference to the previous complaints or any other pleading, attachment, or document.  The Clerk is directed to provide Plaintiff with a blank Central District of California civil rights complaint form, which Plaintiff must fill out completely and resubmit.

Plaintiff is advised that he should not assert claims for which he lacks factual and legal support.  Rather, he should only assert a particular claim if he can truthfully allege facts that would demonstrate a constitutional violation under the standards set forth above.

**Plaintiff is admonished that, if he fails to file a First Amended Complaint by the deadline set herein, the Court may recommend that this action be dismissed for failure to prosecute and failure to comply with a Court order.**

DATED: October 4, 2021

  /s/ John E. McDermott  
JOHN E. MCDERMOTT  
UNITED STATES MAGISTRATE JUDGE